CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 15 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANGELA NICOLE NELSON | ) | |
|     Petitioner, | ) | Civil Action No. 7:07-cv-00141 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

Angela Nicole Nelson, a federal inmate proceeding <u>pro se</u>, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The case is presently before the court on respondent's motion to dismiss. For the following reasons, the court will grant respondent's motion.

### Factual and Procedural Background

On December 1, 2006, Nelson and another defendant, Julius Lee Claytor, were charged in a six-count indictment returned by a grand jury in the Western District of Virginia. Count One charged defendants with conspiring to distribute and possess with intent to distribute a mixture or substance containing more than 100 grams of heroin, a measurable quantity of cocaine, and a measurable quantity of marijuana, in violation of 21 U.S.C. § 846. Count Six sought defendants' forfeiture to the United States, pursuant to 21 U.S.C. § 853, a .9 millimeter pistol, $39,262.14 in United States currency, and any other unnamed assets that represent proceeds of the alleged violations.

On April 25, 2006, Nelson pled guilty to Counts One and Six of the indictment, pursuant to a written plea agreement, and the court held a guilty plea hearing. Under the terms of the plea agreement, the United States agreed to dismiss Counts Two though Five of the indictment, to recommend a three-level reduction in the offense level for acceptance of responsibility, and to

consider a substantial assistance motion under Section 5K1.1 of the United States Sentencing Guidelines. In exchange, Nelson agreed "to waive [her] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed on [her] by the Court." Nelson also agreed "to waive any claim [she] may have for ineffective assistance of counsel known and not raised by [her] with the Court at the time of sentencing." Additionally, Nelson agreed to waive her right to appeal "sentencing guideline issues." Nelson initialed each page of the plea agreement and inscribed her signature on the final page, affirming that she had read the plea agreement, carefully reviewed every part of the agreement with her attorney, understood the agreement, and was voluntarily agreeing to its terms.

During the plea hearing, this court conducted a thorough Rule 11 colloquy. See Fed. R. Crim. P. 11. Nelson stated under oath that she had completed the eleventh grade, and that her reasoning, judgment, communication skills, and ability to understand were not impaired by any illness or substance. The court established that Nelson was aware of the charges against her, and that she understood that a conviction of Count One carried a "minimum mandatory term of incarceration of five (5) years or sixty (60) months," and that a conviction of Count Six would cause her to "lose claim to certain property," including amounts of currency totaling thirty-nine thousand, two hundred sixty-two dollars and fourteen cents, a firearm, and certain ammunition related to that firearm. The court further established that Nelson had spoken with her attorney about how the United States Sentencing Guidelines might apply in her case.

As part of the plea colloquy, Nelson was questioned regarding her understanding of the plea agreement. Nelson affirmed that she understood the agreement, and that she knew she was waiving her right to a trial, to appeal any sentencing guideline issues, and " to collaterally attack [her]

conviction or [her] sentencing, utilizing the process of habeas corpus." Nelson also affirmed that no one had promised her or made any representations that she would receive substantial assistance motions in her case.

The court specifically inquired whether Nelson was voluntarily pleading guilty and whether she was satisfied with her attorney's representation. Nelson affirmed that she was voluntarily pleading guilty and that no one had coerced, forced, or compelled her to enter into the plea agreement, guaranteed her any particular outcome or result, or made any promises other than those included as terms of the plea agreement. Nelson affirmed that she still wanted to plead guilty and that she was satisfied with all the elements of her attorney's services in her case. At the conclusion of the plea hearing, the court found that Nelson was "fully competent and capable of entering an informed plea," and that Nelson's plea was "knowing and voluntary."

On June 1, 2006, the probation officer assigned to Nelson's case prepared a presentence investigation report. Based on Nelson's accountability for more than 100 grams but less than 400 grams of heroin, the report provided that Nelson's base offense level was 26. See U.S.S.G. § 2D1.1(c)(1) (2004). The probation officer applied a two-level upward adjustment for the possession of a firearm in furtherance of the conspiracy, pursuant to U.S.S.G. § 2D1.1(b)(1), and a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Based on Nelson's proposed total offense level of 25 and criminal history category of VI, the probation officer determined that the applicable range of imprisonment under the Sentencing Guidelines was 110 to 137 months. See U.S.S.G. Ch. 5, Pt. A.

The court held a sentencing hearing on July 13, 2006. During the hearing, Nelson's attorney requested that the court remove the two points added to Nelson's offense level for the firearm

purportedly used in furtherance of the conspiracy, because Nelson's co-defendant had claimed full responsibility for the firearm and because there was no evidence that the firearm was used in a drug transaction by Nelson. After hearing from the government and the probation officer, the court sustained Nelson's objection to the inclusion of the firearm and removed two points from her offense level, resulting in a total offense level of 23, criminal history level of VI, and applicable range of imprisonment under the Sentencing Guidelines of 92-115 months. The court adopted the remaining provisions of the presentence report in their entirety.

Before the court pronounced the sentence, Nelson was given the opportunity to address the court. At that time, Nelson did not express any desire to withdraw from the plea agreement, nor did she voice any complaints regarding the quality and effectiveness of her attorney's representation; rather, she stated that she wanted to "do better in life" and asked the court to minimize her sentence if he could. Nelson did not appeal her conviction or her sentence.

On March 22, 2007, Nelson filed a document styled as an "Addendum of Memorandum in support of § 2255 motion of Angela Nicole Nelson." As there were no documents challenging the validity of her current criminal sentence or conviction filed in the court, Nelson was directed by the court to submit a completed "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody." Nelson filed an amended § 2255 motion on April 22, 2007. Liberally construed, the motion raises the following claims:

1. Nelson received ineffective assistance of counsel because her attorney:

> a) provided erroneous advice regarding the Sentencing Guidelines in order to induce her acceptance of the plea agreement;
>
> b) caused her to believe she was entering a guilty plea in exchange for a sentence of fifty-one months in prison;

4

c) took extraordinary efforts to elicit her admission of guilt at the plea hearing; and

d) failed to effectively challenge the prosecution.

2. The court abused its discretion by:

a) failing to allow her to testify during the plea and sentencing hearings;

b) threatening her with a life sentence if she appealed her conviction and sentence; and

c) by acting with bias and prejudice towards her.

3. The court erred in calculating her sentence because her co-defendant received a lesser sentence.

The United States filed a motion to dismiss on June 15, 2007. On June 18, 2007, Nelson was sent a <u>Roseboro</u> notice, in which she was directed to file any response to the government's motion within twenty days. Nelson subsequently filed a response to the motion on July 5, 2007. Accordingly, the respondent's motion is ripe for review.

## **Standard of Review**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." <u>United States v. Timmreck</u>, 441 U.S. 780, 784 (1979).

When deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion

5

contesting a guilty plea, "a court must determine 'whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal.'" United States v. White, 366 F.3d 291, 296 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 76 (1977)). "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." Id.

The United States Court of Appeals for the Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" Id. at 295 (quoting Blackledge, 431 U.S. at 74). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted).

If a district court determines that a petitioner knowingly and voluntarily waived her collateral attack rights, and that the petitioner's claims fall within the scope of that waiver,[1] the court must dismiss the § 2255 motion without addressing the merits of those claims. Id. at 222. As explained below, the court finds that the evidence contained in the record conclusively demonstrates that Nelson is not entitled to the relief sought; therefore, the court will sustain the respondent's motion to dismiss.

---

[1] The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appellate or collateral attack rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory minimum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver. See United States v. Blick, 408 F.3d 162, 171 (4th Cir. 2004); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); Lemaster, 403 F.3d at 220 n. .2; United States v. Embree, 169 Fed. Appx. 761, 762 (4th Cir. 2006).

## Discussion

### 1. Nelson's § 2255 waiver is valid

The United States Court of Appeals for the Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowing and voluntarily made. Lemaster, 403 F.3d at 220. The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992).

Having reviewed the record in this case, the court agrees with the United States that Nelson knowingly and voluntarily waived her right to collaterally attack her conviction and sentence. Nelson initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Nelson affirmed that she had carefully reviewed the agreement with her attorney and that she understood the plea agreement's terms. Moreover, during the plea hearing, Nelson affirmed that she understood the agreement, that she knew she was waiving her right to appeal any sentencing guideline issues, and that she was aware that she was waiving her "right to collaterally attack [her] conviction or [her] sentencing, utilizing the process of habeas corpus." Nelson also testified that she was satisfied with her attorney's services, and that she was voluntarily agreeing to the plea agreement's terms. Nelson's testimony at the plea hearing conclusively establishes that she understood the terms of the plea agreement, including the waiver of collateral attack rights, and that her guilty plea was made knowingly and voluntarily.

### 2. Nelson's ineffective assistance of counsel claim is barred by waiver and by Nelson's testimony at the plea hearing

Nelson alleges that she received ineffective assistance of counsel because her attorney

provided her with incorrect advice concerning the sentencing guidelines, caused her to understand that if she entered a guilty plea she would receive a sentence of fifty-one months, went to extraordinary lengths at the plea hearing to elicit her guilty plea, and failed to subject the prosecution to a meaningful adversarial challenge. These allegations directly contradict her affirmations in the plea agreement and her sworn statements during the plea hearing.

Nelson agreed in her plea agreement "to waive any claim [she] may have for ineffective assistance of counsel known and not raised by [her] with the Court at the time of sentencing." Nelson's testimony at the plea hearing that she was satisfied with her attorney's services, and that she was voluntarily agreeing to the plea agreement's terms establishes that she understood the terms of this waiver and that the waiver was made knowingly and voluntarily.

Nelson did not raise any claims for ineffective assistance of counsel with the court at the time of sentencing. Rather, Nelson affirmed under oath that she was satisfied with her attorney's services and that she was voluntarily agreeing to the plea agreement's terms. Nelson also affirmed that she was aware of the charges against her, understood that Count One carried a mandatory minimum of 60 months and a maximum of forty years in prison, and had spoken with her attorney about how the Sentencing guidelines might apply in her case.

Nelson's allegations directly contradict her affirmations in the plea agreement and her sworn statements during the plea hearing. There is also no evidence that her counsel failed to subject the prosecution to a meaningful adversarial challenge at the sentencing hearing. Accordingly, the court concludes that Nelson's allegation of ineffective assistance of counsel is "palpably incredible and patently frivolous or false," Lemaster, 403 F.3d at 222, and will be dismissed.

### 3. Nelson's remaining claims are barred by the § 2255 waiver

The court has already determined that Nelson's guilty plea and waiver of collateral-attack rights were knowing and voluntary. Because Nelson's remaining claims challenge do not challenge the validity of the plea agreement and do not fall within the narrow class of claims that have been found to fall outside the scope of a valid waiver,[2] the remaining claims must also be dismissed.[3]

### Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 15th day of August, 2007.

_____
United States District Judge

---

[2] See footnote 1, infra.

[3] It should be noted that although Nelson's remaining claims are barred by the § 2255 waiver, they also lack merit. The court finds no evidence in the record that the court threatened Nelson with a life sentence if she appealed her conviction and sentence, nor is there evidence that the court acted with bias or prejudice towards Nelson. Additionally, Nelson conversed with the court throughout both the plea and sentencing hearings and was given an opportunity to speak on her own behalf before the court pronounced its sentence (Sentencing Tr. at 16-17).
   Similarly, Nelson's sentencing disparity argument is without merit. Although Section 3553(a) of the Sentencing Guidelines provides that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," U.S.S.G. § 3553(a), Nelson was not similarly situated to her co-defendant, Julius Lee Claytor, who was sentenced to be imprisoned for sixty-six months. Claytor had a level II criminal history, while Nelson's criminal history level was VI. Additionally, Nelson accepted a less favorable plea agreement, placing her in a higher offense level, and Claytor received a downward departure for providing substantial assistance to the Government, which Nelson did not receive. The court concludes that it did not err in finding that the disparity was warranted.